IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARK ALAN CHAR, #A0234438, | ) | CIV. NO. 18-00303 DKW-KJM |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| vs. | ) | |
| | ) | |
| LUGENE SIMEONA, TOY STECH, | ) | |
| DOE DEFENDANTS 1-100, CITY | ) | |
| AND COUNTY OF HONOLULU, | ) | |
| LUIS M. KEALOHA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pro se Plaintiff Mark Alan Char is incarcerated at the Oahu Community Correctional Center ("OCCC"). Char alleges that Defendants Honolulu City and County ("Honolulu C&C") police officers Lugene Simeona, Toy Stech, ex-Chief of Police Louis M. Kealoha, and Does 1-100 (collectively, "Defendants"), violated his federal civil rights and state law during an incident that allegedly occurred on August 1, 2016.

Char's Complaint is DISMISSED with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a-b).

## I. **STATUTORY SCREENING**

Because Char is a prisoner proceeding pro se and alleges claims against government officers, the court screens his pleadings pursuant to 28 U.S.C.

§§ 1915(e) and 1915A(a).  The court must dismiss a complaint or claim that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit.  *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

Screening under § 1915 involves the same standard of review as that used under Federal Rules of Civil Procedure 8 and 12(b)(6).  *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

## II. BACKGROUND

Char was involved in an altercation on August 1, 2016. Char alleges that, because the other individuals involved in the incident were injured and he was not, Officers Simeona and Stech mistakenly assumed that he was the assailant and arrested him.[1]  Compl., ECF No. 1. Char provides few details regarding this incident, although he states that "a video recording was shown on the TV news, showing that [Char] was getting hammered six (6) times on the head by the so called 'victims.'" *Id.*, PageID #9. Char alleges Defendants have "demonstrable propensities for dishonesty," and were "deliberately indifferent" to his rights during his arrest. *Id.*, PageID #5-8, #10.

Char sets forth eight claims for relief: (1) false arrest and imprisonment (Count I); (2) intentional infliction of emotional distress ("IIED") (Count II); (3) abuse of process (Count III); (4) negligence (Count IV); (5) malicious prosecution (Count V); (6) retaliation under the "Fourteenth Amendment and/or 42 U.S.C. § 1983" (Count VI); (7) negligent infliction of emotional distress ("NIED") (Count VII); and (8) fraudulent procurement of a search warrant (Count VIII). These

---

[1] Char is awaiting trial for attempted murder in the second degree and assault in the second and third degrees in *State v. Char*, Cr. No. 16-1-01291 (Haw. 1st Cir. Ct., Aug. 9, 2016), for an incident that occurred on August 1, 2016, *see* www.courts.state.hi.us. (visited 9/5/2018). *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (holding court may take notice of other court's proceedings "if those proceedings have a direct relation to matters at issue.") (citation omitted.).

claims for relief must be read together to make any sense of the Complaint. Char seeks damages only.

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.   Failure to Comply With Rule 8**

Char's Complaint is vague, conclusory, and, although brief, it utterly fails to allege a "plain statement of the claim" in a "simple, concise, and direct" manner. Fed. R. Civ. P. 8(a)(2) and (d)(1); *see also McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). The Federal Rules of Civil Procedure are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and

4

the grounds on which it rests. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). To do so, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims; vague and conclusory allegations fail to satisfy this standard.

Char fails to explain what specifically happened on August 1, 2016, such as where the altercation took place, what preceded it, what each Defendant's specific connection to the incident is, when Defendants arrested him, what occurred after the allegedly illegal arrest, and what each Defendant did or failed to do that violated his rights. Char also fails to adequately differentiate between any Defendant's actions, but broadly alleges each claim against Simeona and "Defendants," or Simeona and Stech and "Defendants." Char further fails to identify Doe Defendants 1-100 with any particularity, or attribute *any* specific actions or inactions to them or to ex-Chief Kealoha.

Char simply offers vague allegations of wrongdoing without alleging any factual support. The only facts, as opposed to legal conclusions, that the court can plausibly infer are that: (1) Char was involved in an altercation on August 1, 2016; (2) he was unharmed but the others involved suffered injuries; (3) there was a search or arrest warrant issued against Char; (4) Officers Simeona and Stech arrested Char; and (5) a video that purportedly recorded the incident or portions of

5

the incident was shown on TV. The Complaint is the quintessential, naked recital of a cause of action, supported by conclusory statements and opinions, but devoid of facts. *See Iqbal*, 556 U.S. at 678. Char's Complaint lacks sufficient clarity and factual support for Defendants to understand and defend against his claims. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are this vague and conclusory.

Char's Complaint is DISMISSED for failure to state a colorable claim for relief. Char is granted leave to amend his claims to provide the necessary factual support to state each claim that he alleges. To enable Char to effectively do so, the court provides the following legal standards. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (explaining that a court should briefly explain a pro se litigant's pleading deficiencies when dismissing a complaint with leave to amend).

**B.     Official Capacity Claims**

Char names all Defendants in their individual and official capacities. An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is *not* a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166.

It is unclear whether Char actually names the Honolulu C&C as a separate Defendant. To the extent he does, it "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. Honolulu C&C may not be held liable for the actions of individual Defendants unless their allegedly unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or was "pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91.

## C. Supervisor Liability

It appears Char alleges claims against Kealoha based solely on his position as Chief of Police on August 1, 2016. "A supervisory official is liable under § 1983 so long as 'there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (quoting *Keates v. Koile*, 883

F.3d 1228, 1242-43 (9th Cir. 2018) (quoting *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)).  To properly allege supervisor liability, a pleading must allege facts showing that the supervisor set "in motion a series of acts by others or [ ] knowingly refused to terminate a series of acts by others, which he knew or reasonably should have known would cause others to inflict a constitutional injury."  *Starr*, 652 F.3d at 1207-08 (internal quotation marks and citations omitted) (alterations in original).  A supervisor is only "liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others."  *Keates*, 883 F.3d at 1243 (quoting *Starr*, 652 F.3d at 1208).

**D.     Counts I and VIII: False Arrest, Imprisonment, Search Warrant**

Char claims Defendants Simeona and Stech falsely arrested him and procured a "search warrant under false pretenses and violated the search warrant." Compl., ECF No. 1, Counts I and VIII; PageID #12.

The Fourth Amendment protects individuals from unlawful searches and seizures.  U.S. Const. amend. IV.  A claim for unlawful arrest, that is, an unlawful seizure, is cognizable when the arrest is alleged to have been made without probable cause.  *Harper v. City of Los Angeles*, 533 F.3d 1010, 1022 (9th Cir.

2008); *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1023 (9th Cir. 2009) (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)).

If Char amends his Complaint, he must allege facts from which the court can plausibly infer that Simeona and Char arrested him without probable cause and/or procured a search or arrest warrant based on false evidence, that is, without probable cause. *See Manuel v. City of Joliet*, 137 S. Ct. 911, 917-19 (2017) (explaining the Fourth Amendment protects against pretrial detainment when plaintiff alleged the judicial determination of probable cause was based on false evidence).

### 1. *Younger Abstention Doctrine*

If Char is able to allege sufficient facts to support a Fourth Amendment violation, the court will likely be required to abstain from adjudicating these claims under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that a federal court is prohibited from enjoining a state

criminal proceeding without a valid showing of "extraordinary circumstances" warranting federal intervention. *Id.* at 43-54; *see also Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (holding *Younger* abstention applies to damages actions). Under the *Younger* abstention doctrine, federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986).

*Younger* abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims at issue. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003). When the *Younger* elements are present, the federal court may exercise jurisdiction only when state proceedings are conducted in bad faith or extraordinary circumstances exist. *Baffert*, 332 F.3d at 617.

It appears that *Younger* abstention applies here because: (1) Char is a pretrial detainee awaiting prosecution on the charges he contests herein; (2) Hawaii has an important interest in enforcing its criminal laws and maintaining the integrity of its criminal proceedings, *see People of State of Cal. v. Mesa*, 813 F.2d 960, 966 (9th

Cir. 1987) (stating, "[A state's] ability to protect its citizens from violence and other breaches of the peace through enforcement of criminal laws is the centermost pillar of sovereignty."); and (3) Char is represented by counsel in his state criminal proceedings who can raise Char's constitutional challenges to his allegedly illegal arrest and imprisonment in the state court.

### E. Count V: Malicious Prosecution[2]

Under either state or federal law, to maintain a claim for malicious prosecution, Char must allege the "termination of the . . . proceeding in [his] favor." *Manuel,* 137 S. Ct. at 921 (2017) (citing *Wallace v. Kato*, 549 U.S. 384, 389–90 (2007)); *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."); *Martin v. City of Boise*, 2018 WL 4201159, at *8 (9th Cir. Sept. 4, 2018) (holding malicious prosecution claimant must "demonstrate a favorable termination of the criminal proceedings before seeking" relief under § 1983) (citation omitted); *Penaflor v. Mossman*, 141 Haw. 358, 363, 409 P.3d 762, 767 (Ct. App. 2017), *amended* (Jan. 17, 2018) (holding same under Hawaii law); *Arquette v. State*, 128 Haw. 423, 439, 290 P.3d

---

[2]It is unclear whether Char alleges a malicious prosecution claim under state or federal law. Malicious prosecution is generally not cognizable under § 1983 if a remedy is available within the state judicial system.

493, 509 (2012) (listing elements of malicious prosecution, including the favorable termination of proceedings).

Finally, to state a claim for malicious prosecution under § 1983, a plaintiff must allege the elements of the state law claim, *and* establish that the prosecution was conducted "for the purpose of denying [the accused] equal protection or another specific constitutional right." *Id.*, 693 F.3d at 919 (citation omitted). *Lacey v. Maricopa Cty.*, 693 F.3d 896, 919 (9th Cir. 2012) (*en banc*).

**F.     Count VI:  Retaliation**

To state a retaliation claim under the First Amendment,[3] a plaintiff must allege "(1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016); *see also Lozman v. City of Riviera Beach*, 138 S. Ct. 1945, 1949-52 (2018) (discussing the latter two factors as applied to a claim for retaliatory arrest based on an official policy) (citing *Crawford-El v. Britton*, 523 U.S. 574, 592 (1998).

---

[3]Although Char alleges this claim arises under the Fourteenth Amendment, the First Amendment governs this claim.

In the context of retaliatory arrest, the plaintiff must (1) "demonstrate that the officers' conduct would chill a person of ordinary firmness from future First Amendment activity;" and (2) "prove that the officers' desire to chill his speech was a but-for cause of their allegedly unlawful conduct." *Ford v. City of Yakima*, 706 F.3d 1188, 1193 (9th Cir. 2013); *Vohra v. City of Placentia*, 683 F. App'x 564, 567 (9th Cir. 2017). An arrest without probable cause is sufficient to establish the first element. *Beck v. City of Upland*, 527 F.3d 853, 869 (9th Cir. 2008). A finding of probable cause, however, will not necessarily defeat a retaliatory arrest claim. *See Lozman*, 138 S. Ct. at 1955; *Skoog v. Cty. of Clackamas*, 469 F.3d 1221, 1235 (9th Cir. 2006).

This claim, if properly repleaded, would likely be subject to *Younger* abstention.

### G. Counts II, III, IV, VII: Remaining State Law Claims

Char alleges Defendants' conduct constituted the state law torts of intentional and negligent infliction of emotional distress, negligence, and abuse of process. Char is notified that if he is unable to amend his federal causes of action to state a claim, the court will decline to exercise supplemental jurisdiction over his state law claims. *See* 28 U.S.C. § 1367(c)(3).

### 1. Counts II and VII: Negligence, NIED, and IIED

"The elements of a negligence claim under Hawaii law are: (1) duty; (2) breach of duty; (3) causation; and (4) damages." *Kennedy v. Wells Fargo Bank*, 2018 WL 3624967, at *3 (D. Haw. July 30, 2018) (citing *Cho v. State*, 115 Haw. 373, 168 P.3d 17, 23 n.11 (2007); *see also Sung v. Hamilton*, 710 F. Supp. 2d 1036, 1054 (D. Haw. 2010) ("Under Hawai'i law, the elements of a cause of action for negligence are: 1. A duty, or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks; 2. A failure on the defendant's part to conform to the standard required: a breach of the duty; 3. A reasonably close causal connection between the conduct and the resulting injury; and 4. Actual loss or damage resulting to the interests of another.").

To allege NIED, Char must show: "(1) that the defendant engaged in negligent conduct; (2) that the plaintiff suffered serious emotional distress; and (3) that such negligent conduct of the defendant was a legal cause of the serious emotional distress." *Caraang v. PNC Mortg.*, 795 F. Supp. 2d 1098, 1122 (D. Haw. 2011). Additionally, a plaintiff "must establish some predicate injury either to property or to another person in order himself or herself to recover for [NIED]."

*Kaho'ohanohano v. Dep't of Human Servs.*, 117 Haw. 262, 306-07, 178 P.3d 538, 582-83 (2008) (citation omitted).

Finally, "to state a claim for intentional infliction of emotional distress ("IIED"), a plaintiff must show '(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another.'" *Springer v. Hunt*, No. CV 17-00269 JMS-KSC, 2018 WL 846909, at *9 (D. Haw. Feb. 13, 2018) (quoting *Enoka v. AIG Haw. Ins. Co.*, 109 Haw. 537, 559, 128 P.3d 850, 872 (2006)).

### 2. *Abuse of Process*

Under Hawaii law, an abuse of process claim requires "'(1) an ulterior purpose and (2) a willful act in the use of the process which is not proper in the regular conduct of the proceeding.'" *Young v. Allstate Ins. Co.*, 119 Haw. 403, 412 (2008); *Ancier v. Egan*, 2014 WL 6872977, at *5 (D. Haw. Dec. 4, 2014). The second element requires "some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of process . . . ; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Young*, 119 Haw. at 414). "Based on this . . . *Young* concluded 'more is required than the issuance of the process itself,' and the 'wilful act' must be 'distinct from the use of process per

se.'" *Ancier*, 2014 WL 6872977, at *5 (quoting *Young*, 119 Haw. at 415-16). A properly pled abuse of process claim will likely be subject to *Younger* abstention.

## IV. **LEAVE TO AMEND**

Char may file an amended complaint on or before October 12, 2018 to cure the deficiencies in his Complaint. If Char elects to file an amended complaint, he must comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Hawaii. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint will supersede the preceding complaint. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## V. **28 U.S.C. § 1915(g)**

If Char fails to file an amended complaint, or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action

16

or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI. **CONCLUSION**

(1) The Complaint is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a colorable claim for relief.

(2) Char may file an amended complaint on or before October 12, 2018. Failure to file an amended complaint by October 12, 2018 may result in dismissal of this action with prejudice.

(3) The Clerk of Court is DIRECTED to send Char a prisoner civil rights complaint form so that he may comply with this Order.

IT IS SO ORDERED.

DATED: September 10, 2018 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

<u>Mark Alan Char v. Lugene Simeona, et al.</u>; Civil No. 18-00303 DKW-KJM; **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

*Char v. Simeona, et al.*, No. 1:18-cv-00303 DKW-KJM; scrng '18 Char 18-303 dkw (R8, mal pros. false arr. neg, abuse proc)