IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK ALAN CHAR, #A0234438, ) | CIV. NO. 18-00303 DKW-KJM |
| ) | |
| Plaintiff, ) | ORDER DISMISSING FIRST |
| ) | AMENDED COMPLAINT WITH |
| vs. ) | LEAVE TO AMEND |
| ) | |
| LUGENE SIMEONA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the court is pro se Plaintiff Mark Alan Char's first amended civil rights complaint (FAC), brought pursuant to 42 U.S.C. § 1983. ECF No. 5. Char alleges that Defendants Honolulu Police Department (HPD) police officers Lugene Simeona, Toy Stech, and Does 1-100 (collectively, "Defendants") violated his federal civil rights and state law during his arrest on August 1, 2016.[1]

The FAC is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a-b), with leave granted to amend on or before December 7, 2018.

## I. BACKGROUND

On September 10, 2018, the court dismissed Char's original Complaint for

---

[1]Char was arrested on August 1, 2016 in relation to *State v. Char*, Cr. No. 16-1-001291 (Haw. 1st Cir.). He is awaiting trial in four criminal cases: *State v. Char*, Cr. Nos. 16-1-001291; 16-1-000903; 13-1-000810; and 03-1-002555. *See* http://www.courts.state.hi.us. (last visited 10/30/2018); *see also Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (judicial notice of other courts' proceedings is allowed when they "have a direct relation to matters at issue").

failure to state a claim, with leave granted to amend. Order, ECF No. 4.

On October 4, 2018, Char filed the FAC. Char says that he was involved in an altercation with two other individuals on the shoulder of a Honolulu freeway on August 1, 2016. Char pulled onto the shoulder after another car tailgated him, cut him off, and braked sharply. Char left his car to photograph the other car and its occupants. Char says that the other men exited their car and menaced him, so he pepper-sprayed them in self-defense. When Char realized they had a knife, he says he left the scene to save his life. After he arrived home, Char's wife called the police to report the incident. When Defendants arrived at Char's home, he alleges they "unlawfully seized, detained, restrained and arrested" him without probable cause, despite his repeated claims of self-defense. *Id.*, FAC, ECF No. 5, PageID #46. He says Defendants also illegally searched his home.

Char alleges: (1) false arrest and imprisonment, based on an alleged lack of probable cause (Counts I and V); (2) intentional infliction of emotional distress (IIED) (Count II); (3) abuse of process (Count III); (4) negligence (Count IV); (5) negligent infliction of emotional distress (NIED) (Count VI); (6) fraudulently procuring a search warrant (Count VII); and (7) conspiracy (to cover up the allegedly false arrest) (Count VIII). Char seeks general, compensatory, and punitive damages, costs and fees.

## II. SCREENING

The court is required to conduct a pre-Answer screening of all prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). The court must dismiss a claim or complaint that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under Sections 1915(e)(2) and 1915A(b) involves the same standard as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (screening under Section 1915(e)(2)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening under Section 1915A). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v.*

*U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130. If the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## III. <u>DISCUSSION</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A. **Fourth or Fourteenth Amendment**

The "threshold inquiry in a § 1983 suit" requires courts "to 'identify the specific constitutional right' at issue." *Manuel v. City of Joliet*, ⸺ U.S. ⸺,

137 S. Ct. 911, 920 (2017) (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). "After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." *Id.* (citing *Carey v. Piphus*, 435 U.S. 247, 257-58 (1978)).

Char asserts Defendants violated his rights under the Fourteenth Amendment. The Fourth Amendment, however, "establishes the minimum constitutional 'standards and procedures'" for arrests and their ensuing detention. *Manuel*, 137 S. Ct. at 917 (quoting *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975)). When a plaintiff alleges that his seizure or pretrial detention was not supported by probable cause, as Char does, "then the right allegedly infringed lies in the Fourth Amendment." *Id.* at 919. A seizure occurs when an official restricts a person's "freedom of movement" such that he or she is "not free to leave." *Brendlin v. California*, 551 U.S. 249, 254 (2007). The general rule is that "seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime." *Bailey v. United States*, 568 U.S. 186, 192 (2013). An alleged defect in the legal process does not extinguish a plaintiff's Fourth Amendment claim or "convert that claim into one founded on the Due Process Clause." *Id*.

Char's federal claims regarding his allegedly false arrest and imprisonment

arise under the Fourth, not the Fourteenth Amendment.[2]

## B. False Arrest and Imprisonment: Counts I and V

The Fourth Amendment "requires a prompt judicial determination of probable cause following an arrest made without a warrant and ensuing detention." *Powell v. Nevada*, 511 U.S. 79, 80 (1994); *Gerstein*, 420 U.S. at 114 (holding "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest"); *Anderson v. Calderon*, 232 F.3d 1053, 1069 (9th Cir. 2000). A "prompt judicial determination of probable cause" generally means presentation to a magistrate within forty-eight hours of the warrantless arrest. *Powell*, 511 U.S. at 80 (citing *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991); *Anderson*, 232 F.3d at 1069.

Judicial determinations of probable cause to arrest that are made within forty-eight hours of arrest are presumptively reasonable, *i.e.*, they do not violate the Fourth Amendment; judicial determinations of probable cause to arrest that are made more than forty-eight hours after arrest are presumptively unreasonable, *i.e.*,

---

[2]*See Albright*, 510 U.S. at 273 (noting that the Fourth Amendment, "not the more generalized notion of 'substantive due process,' must be the guide" for analyzing claims involving unreasonable seizures and pretrial deprivations of liberty); *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002) (affirming dismissal of Fourteenth Amendment claim alleging false information in warrant affidavit).

they violate the Fourth Amendment. *See McLaughlin*, 500 U.S. at 56-57; *Anderson*, 232 F.3d at 1069. The existence of probable cause to prosecute is a complete defense to both state and federal claims of malicious prosecution. *West v. City of Mesa*, 708 F. App'x 288, 293 (9th Cir. 2017) (citing *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004)); *Lacy v. Cty. of Maricopa*, 631 F. Supp. 2d 1183, 1193 (D. Ariz. 2008); *Rivera v. Town of Patagonia*, 2018 WL 3304602, at *10 (D. Ariz. July 5, 2018); *see Towse v. State*, 647 P.2d 696, 704 (1982) (holding existence of probable cause is an affirmative defense to false arrest and imprisonment); *Hicks v. Cty. of Hawai`i*, 2009 WL 1507301, at *4 (Haw. App. 2009) (unpublished).[3]

Accepting Char's statements of fact as true, his assertion that he was arrested and held without probable cause is simply a legal conclusion. A court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). Char's facts are insufficient to infer that Defendants lacked probable cause to arrest him, or that they failed to seek and receive a judicial determination of probable cause within forty-eight hours after his arrest. He alleges no facts

---

[3]The elements of false arrest and false imprisonment in Hawaii are: "(1) the detention or restraint of one against his or her own will, and (2) the unlawfulness of such detention or restraint." *Reed v. City and Cty. of Honolulu*, 873 P.2d 98, 109 (1994); *Hicks*, 209 P.3d at *4.

suggesting Defendants had any part in the decision to bind him over for trial and keep him in jail after they arrested him. Char fails to state a claim that Defendants falsely arrested and imprisoned him without probable cause.

To the extent Char intended to allege Defendants pursued or obtained a judicial determination of probable cause based on false allegations, and this is only suggested in the FAC, he must plead facts: "(1) [that] specifically point out the portion of the warrant affidavit that is claimed to be false, (2) tending to show that the officer was aware or should have been aware of the falsity of those statements, and (3) alleg[ing] that those false statements were necessary to the magistrate's finding of probable cause." *Anderson v. City of Pasadena*, 78 F.3d 591, at *3 (9th Cir. Mar. 12, 1996) (unpub.) (citing *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)). Char alleges no facts conforming to that standard.

Char fails to state a colorable claim that he was arrested and held without probable cause. Counts I and V are DISMISSED.

C. **Abuse of Process: Count III**

Char alleges that "Defendants maintain[ed] the proceedings against [him] to cover up [their] wrongful conduct . . . for some other ulterior purpose and to use the process in manners that the process was not intended to be used." FAC, ECF No. 5, PageID #48 ("Abuse of Process," Count III). He claims "Defendants had

demonstrable propensities for dishonesty and other misconduct." *Id.*

### 1. *Malicious Prosecution; Abuse of Process*

The Ninth Circuit has not determined whether an abuse of process claim is cognizable under Section 1983. *See West*, 708 F. App'x at 292 (stating, "[e]ven assuming an abuse of process claim is cognizable under § 1983 in our circuit," West failed to plead sufficient facts to state a claim). Most federal courts to consider the issue have concluded that there is no constitutional violation for abuse of process under Section 1983 without conscience-shocking, egregious wrongdoing. *See* Martin A. Schwartz, Section 1983 Claims and Defenses, § 3.18 Malicious Prosecution; Abuse of Civil Process (4th ed. 2018 Supp.) (collecting cases); *Brown v. Lever*, 2018 WL 1903120, at *6 (D. Nev. Apr. 20, 2018) (dismissing abuse of process claim). An abuse of process claim is essentially a malicious prosecution clam, which requires a showing that the defendant prosecuted the plaintiff with malice, without probable cause, and for the purpose of denying equal protection or some other specific constitutional right, and that the criminal case terminated in favor of the accused. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 919 (9th Cir. 2012) (*en banc*).

To the extent there is a federal "abuse of process claim" available under Section 1983, Char fails to state a claim. As in Counts I and V, Char's statements

are simply speculation and legal conclusions.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  First, Char's criminal case has not terminated in his favor, *see Manuel*, 137 S. Ct. at 921 (requiring "termination of the . . . proceeding in [plaintiff's] favor" for malicious prosecution claim).  Second, Char does not allege facts suggesting that Defendants' decision to arrest him was conscious-shocking or egregious, or was done for the purpose of denying him equal protection or any other constitutional right.  Third, if there was a judicial determination of probable cause, then Defendants cannot be found to have abused process by arresting him without a warrant.

### 2. *State Law Abuse of Process*

To the extent Char asserts abuse of process under Hawaii law, he must allege two essential elements: "(1) an ulterior purpose and (2) a wilful act in the use of the process which is not proper in the regular conduct of the proceeding."  *Young v. Allstate Ins. Co.*, 119 Haw. 403, 412, 198 P.3d 666, 675 (2008) (citation omitted); *Ancier v. Egan*, 2014 WL 6872977, at *5 (D. Haw. Dec. 4, 2014).  "Liability for abuse of process is imposed when the putative tortfeasor uses legal process 'primarily' for an ulterior motive," meaning "there must be use of the process for an immediate purpose other than that for which it was designed and

intended." *Young*, 119 Haw. at 420-21 (citing Restatement of Torts § 682 comment b) (emphasis added).

The second element requires "some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of process . . . ; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Young*, 119 Haw. at 414. "*Young* concluded 'more is required than the issuance of the process itself,' and the 'wilful act' must be 'distinct from the use of process per se.'" *Ancier*, 2014 WL 6872977, at *5 (quoting *Young*, 119 Haw. at 415-16).

Char alleges Simeona and Stech "and/or Doe Defendants" arrested him because of "their prejudice and severe animosity against" him, with no further explanation. FAC, ECF No. 5 at 46. Accepting that this is enough to show an ulterior motive, Char alleges no facts showing that Defendants did anything beyond the use of the process itself – arresting him – to support the second element. Further, Char's conclusion that Defendants abused process by arresting him – based on their animosity and prejudice against him – to cover up the true reasons for the arrest – their animosity and prejudice against him – makes no sense.

Char fails to state a federal or state law claim for abuse of process, and

Count III is DISMISSED.

D.  **Fraudulent Search Warrant:  Count VII**

Char claims that Simeona and Stech failed to state in their affidavit that the police had already found a "large canister of pepper spray and the knife" when they sought a search warrant for his home.  FAC, ECF No. 5, PageID #52.  Thus, he argues that they had no need to list these items on the search warrant, and did so to deceive the magistrate.  He also alleges that they exceeded the scope of the search warrant by confiscating rifle magazines that were not listed on the warrant.

To plead a Section 1983 claim based on the alleged use of false statements or omissions to obtain a search warrant, the plaintiff must plead facts plausibly showing that the defendant "deliberately or recklessly made false statements or omissions that were material to the magistrate's finding of probable cause to issue the warrant."  *Bettin v. Maricopa Cty.*, 2007 WL 1713319, at *14 (D. Ariz. June 12, 2007) (citing *Franks*, 438 U.S. at 155-56 and *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002)).  Allegations of negligence or an innocent mistake are insufficient.  *Talada v. City of Martinez*, 656 F. Supp. 2d 1147, 1153 (N.D. Cal. 2009) (citing *Franks*, 438 U.S. at 171).

A search warrant must describe with particularity the items to be seized.  U.S. Const. amend. IV.  Requiring particularity protects individuals from a

"general, exploratory rummaging in [their] belongings." *United States v. Lacy*, 119 F.3d 742, 746 n. 7 (9th Cir. 1997) (quoting *United States v. Rude*, 88 F.3d 1538, 1551 (9th Cir. 1996)). The need for particularity, however, "does not preclude use of generic language," such as all "papers" or "records" pertaining to a specified crime or enterprise. *United States v. Hillyard*, 677 F.2d 1336, 1339-40 (9th Cir. 1982). For example, a valid warrant may authorize officers to search for "items or articles of personal property tending to show identity of persons in ownership, dominion or control of said premises." *United States v. Alexander*, 761 F.2d 1294, 1301 (9th Cir. 1985); *see also Lacy*, 119 F.3d at 746-47 (upholding warrant authorizing seizure of entire computer system where there was probable cause to believe the subject had downloaded child pornography and no way to specify "what hardware and software had to be seized to retrieve the images accurately"). The list of items to be seized in a warrant should be read in a "common sense and realistic fashion," not in a "hypertechnical and narrow" fashion. *United States v. Vesikuru*, 314 F.3d 1116, 1123 (9th Cir. 2002).

Char does not detail *what* Simeona and Stech asserted in their affidavit in support of the search warrant. Nor does he allege what items were authorized for seizure by the search warrant. The FAC makes clear, however, that Char pulled onto the shoulder of a Honolulu highway to engage with the occupants of another

13

car who allegedly cut him off. Char used pepper spray against the other participants, and at least one knife was evident during the altercation. Char fled the scene. Public records show that Char is charged with attempted murder. *See State v. Char*, Cr. No. 16-1-001291 (Haw. 1st Cir.). These facts suggests that the search warrant may have authorized a search for any weapons that were seen by witnesses to the altercation. Simply because *a* knife and pepper spray was found does not preclude the need to search for other knives, weapons, or evidence that Char possessed pepper spray. Without more detail regarding what the search warrant authorized, however, Char fails to state a claim that Simeona and Stech intentionally omitted material information to illegally procure a search warrant. Count VII is DISMISSED.

**E.     Conspiracy:  Count VIII**

Char alleges Doe Defendants 1-100 conspired with Simeona and Stech by tampering with evidence and writing false reports to "cover up what really happened on August 1, 2016," when he was arrested. FAC, ECF No. 5, PageID #53. Char alleges nothing further in support of this claim.

A plaintiff is required to "state specific facts to support the existence of the claimed conspiracy." *Olsen v. Idaho St. Bd. of Med.*, 363 F.3d 916, 929 (9th Cir. 2004) (quoting *Burns v. Cty. of King*, 883 F.2d 819, 821 (9th Cir. 1989));

*Karim Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) (finding that "mere allegation of conspiracy without factual specificity is insufficient" to withstand motion to dismiss). "To prove a conspiracy . . . under § 1983, [plaintiff] must show 'an agreement or "meeting of the minds" to violate constitutional rights.'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (*en banc*)).

Char alleges no facts indicating any discussion or agreement between Doe Defendants 1-100, Simeona, and Stech to violate Char's constitutional rights before or after his arrest. Char does not explain when this alleged conspiracy began. Was it before Char's wife reported the incident, when Simeona and Stech arrived at Char's house, after they arrested him, before they sought a judicial determination of probable cause (if they did so), or before they sought a search warrant for his home? Char also fails to explain why Does 1-100, Simeona, and Stech conspired to cover up "what really happened" when he was arrested. That is, Char alleges no context to this claim to support Defendants' motivation to conspire to arrest him. Even the most generous reading of the FAC cannot cure the absence of any sufficient factual allegations to support this conspiracy claim. Count VIII is DISMISSED.

## F. IIED, NIED, Negligence: Counts II, IV, V

Char is again notified that, if he is unable to amend his federal causes of action to state a claim, the court will decline to exercise supplemental jurisdiction over his state law claims. *See* 28 U.S.C. § 1367(c)(3). The court has already set forth the elements of these claims in its previous Order. *See* ECF No. 4.

## G. Official Capacity Claims

Char again alleges claims against Defendants in their individual and official capacities. An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is *not* a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166.

The Honolulu C&C and HPD, the entities against whom Char alleges claims by naming Defendants in their official capacity, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*,

436 U.S. at 694. Char fails to allege facts showing Defendants "implement[ed] or execute[d] a policy statement, ordinance, regulation, or decision officially adopted or promulgated by" Honolulu C&C or HPD, or acted "pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91. Char's claims against official capacity Defendants are DISMISSED.

### H. Doe Defendants 1-100

Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include the names of the parties sued in the action. The use of doe defendants is generally disfavored in federal court because the United States Marshal cannot serve a summons and complaint on an anonymous defendant. *See Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980).

If a plaintiff does not know a defendant's identity at the time the complaint is filed, he may refer to unknown defendants as Defendant John Doe 1, John Doe 2, and so on, but he must allege sufficient facts to show how each doe defendant individually violated his constitutional rights. If the plaintiff does so, he may be given leave to obtain the names of doe defendants during discovery and seek leave to amend to name those defendants, unless it is clear that discovery will not uncover their identities, or that the complaint will be dismissed on other grounds.

*See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

Char makes no differentiation between any of the Doe Defendants 1-100. It is impossible to discern between any Doe Defendant to determine who, individually, did exactly what to Char, and when the alleged action occurred. Until Char can explain what each of these one hundred Doe Defendant police officers separately did to violate his rights, claims against Doe Defendants 1-100 are DISMISSED.

## IV. **LEAVE TO AMEND**

Char is again granted leave to file an amended complaint on or before December 7, 2018, to cure the noted deficiencies in his claims. Char must comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Hawaii in any amended pleading. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint generally supersedes the preceding complaint. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928.

## V.   28 U.S.C. § 1915(g)

If Char fails to timely file an amended complaint, or is unable to cure the deficiencies in his claims, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g)

## VI.   CONCLUSION

(1) The First Amended Complaint is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state any colorable federal claim for relief.

(2) Char may file an amended complaint on or before December 7, 2018. Failure to timely file an amended complaint may result in dismissal of this action with prejudice.

(3) The Clerk of Court is DIRECTED to send Char a prisoner civil rights complaint form so that he may comply with this Order.

IT IS SO ORDERED.

DATED: November 6, 2018 at Honolulu, Hawaii.



Derrick K. Watson
United States District Judge

---

*Mark Alan Char v. Lugene Simeona, et al.*, Civil No. 18-00303 DKW-KJM; **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**